# SUPERIOR COURT

Samuel Newberger
vs.
Fletcher Land Co. & Edward Radding
Eq.No.7145

RESCRIPT

February 13, 1925

TANNER, P. J. This is a bill in equity heard upon issues of fact. Complainant alleges that he is the lessee of a certain store in the Hotel Narragansett and that the respondents are obstructing, or about to obstruct, the entrance to said store under the claim that the tenancy of said Newberger to said store has terminated.

The bill alleges in substance that in 1910 the Fletcher Land Company and one Eilenberg entered into a writ-

ten agreement stipulating for the execution of a lease upon the completion of certain alterations in said hotel building, said lease to be for ten years at the yearly rental of $3500; that thereafterwards, in accordance with said agreement, a lease of said premises was executed between the Fletcher Land Company and said Eilenberg and said complainant on the 19th day of March 1910; that in February 1918 said complainant who had succeeded to all the rights in said lease, entered into a written agreement with the said Fletcher Land Company for a further lease for five years and with an option for a further period of five years at the increased rental of $5000. Complainant alleges that on or about the 19th of March, 1920, he sought to obtain the execution of a lease in accordance with said agreement for a lease executed in February 1918, but was told by Mr. Joseph E. Fletcher, treasurer of the Fletcher Land Company, that there was no need of executing a new lease; that the said Samuel Newberger could remain there for ten years under the same terms and conditions of the old lease, but the rental would be $5000 per year instead of $3500, and for this reason no lease was executed, but that the complainant remained in possession and paid the rent at the rate of $5000 a year. The complainant therefore claims that he then and there became and was a tenant for and during the term of ten years from the 19th of March, 1920, or at least a tenant from year to year, said yearly tenancy commencing on the 19th day of March of each and every year.

A proper written legal notice was given by the Fletcher Land Company to the complainant terminating his tenancy at the expiration of the notice which specified the date of vacating at a time six months from the date of the notice, in accordance with the terms of the written agreement for a lease of February, 1918.

Mr. Sherwood, who acted as attorney for the respondent Radding, testifies very clearly that he saw the complainant after the giving of said notice to vacate and that the complainant repeatedly admitted that the Fletcher Land Company was within its rights in giving said notice, although it was very inconvenient for him, and that he made no claim of yearly tenancy or of an oral lease for ten years; that he was upon the point of signing a written stipulation drawn by Mr. Sherwood for the purpose of accommodating the complainant by extending the date of his vacating the store for two months or giving him the privilege of vacating sooner if he desired; that the complainant when about to sign this stipulation concluded to see his lawyer; that after seeing his lawyer he then, for the first time, advanced the claim that he was a yearly tenant, but that he never advanced the claim of an oral lease for ten years to the knowledge of Mr. Sherwood, and that he, Mr. Sherwood, never heard of it until he saw it in the bill of complaint.

The burden is upon the complainant to establish his claim either of a yearly tenancy by holding over or of an oral lease for ten years.

In view of the fact that there existed between the Fletcher Land Company and the complainant a written agreement for a lease, executed in February, 1918, which said written agreement was just as full and explicit as a lease could be and contained the new rate of $5000 rental and the right of the lessor to terminate the lease upon six months' notice, we think it is more probable that what took place between Mr. Fletcher and the complainant was that Mr. Fletcher told Mr. Newberger that there was no need of a new lease because they already had an agreement

for a lease, which was just as good as a lease, and that the complainant could continue to occupy upon the terms of the agreement. It seems probable to us that Mr. Fletcher treated this agreement for a lease as a lease, as in equity it really is, and in effect it was just as good as a lease since either party had the right at any time to enforce the execution of a lease in accordance with said agreement. It seems incredible to us that a keen business man like Mr. Fletcher should ever have assented to any such vague oral lease as is claimed by the complainant. It seems incredible that he should have in particular waived the right contained in the agreement for a lease to terminate the lease of six months' notice, especially at a time when everybody knows that real estate was rapidly advancing in value and there were many opportunities to sell at greatly enhanced prices.

The complainant has called attention to the fact that in 1910 there was also an agreement in writing for a lease and that said agreement was subsequently executed. There was a particular reason why this should have been done in that case, because according to the terms of the agreement for a lease it was uncertain when the occupancy could begin owing to alterations, and it was therefore important when the term of commencement of the lease was finally determined that a lease should be executed stating that fact. In the present case no such necessity arose.

In addition to these considerations we have the very explicit testimony of Mr. Sherwood that the complainant admitted the right to give notice to quit and suggested no tenancy or right of any kind to remain, until he had conferred with an attorney.

Our view that the written agreement of February, 1918, continued in force and was never cancelled by any oral agreement, disposes of the claim that there was a yearly tenancy by holding over. If this written agreement was still valid after the termination of the first lease, there was no such holding over as would give rise to a tenancy from year to year by merely holding over without any understanding or action upon the part of the landlord. So, upon the whole, we think the complainant has failed to prove his case by a fair preponderance of the testimony.

In coming to this conclusion, we have eliminated from our consideration all the testimony of the defendant which was admitted de bené. We doubted at the time of admission, and still doubt the admissibility of the greater part of it and have found no necessity for weighing it in our determination of the case.

We therefore feel obliged to dismiss the bill.

For Complainant: A. V. Pettine and E. L. Godfrey.

For Respondents: Sherwood, Heltzen & Clifford.